IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODRICK MAURICE BRAYBOY,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | **NO. 17-4371** |
| | : | |
| **ZAKIA JOHNSON, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                          **OCTOBER 31, 2017**

Plaintiff Rodrick Maurice Brayboy brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two corrections officials, his parole officer, and the Upper Darby Chief of Police, alleging violations of his fourth, eighth, and fourteenth amendment rights. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.

**I.    FACTS**

Plaintiff claims that his rights were violated on nine different dates at several correctional facilities, including Coleman Hall (spelled Kalman Hall in complaint). (Compl. ¶¶ III.A, III.B) Plaintiff believes that he is being "targeted" by the defendants because of his juvenile conviction for indecent assault. (Compl. ¶ III.C.) He claims that Zakia Johnson moved him to several correctional centers as part of an effort to expose him and his indecent assault conviction, and that his parole agent and unidentified staff in the correctional facilities informed other inmates of the conviction. (*Id.*) He also alleges that he was "forced to pay money or they would violate

1

[his] parole when the[y] in fact was [sic] sabotaging [his] employment by notifying [his] employer of [his] juvenile conviction." (*Id.*) It is not clear what plaintiff means by that sentence.

Plaintiff also claims that he was forced to do "nude search[es]" while at Coleman Hall. (*Id.*) Finally, he claims that the defendants had the local police follow him and track his phone from Upper Darby and Philadelphia, and that he was also being tracked by SEPTA police. (*Id.*) He asserts that, as a result of the defendants having sabotaged his home plan and employment, he had to stay in a halfway house longer than he wanted to, lost wages, was targeted on jobs, and was humiliated. (Compl. ¶ IV.) He primarily seeks damages for lost wages and public humiliation. (Compl. ¶ VI.)

## II.  STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears he is not capable of prepaying the fees to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] Plaintiff included financial information in his motion for counsel that is inconsistent with the financial information in his motion to proceed *in forma pauperis*. Even if the Court based its assessment on the financial information provided in the motion for counsel, it is apparent that plaintiff would be unable to pay the filing fee.

2

## III. DISCUSSION

Most of plaintiff's allegations are conclusory, which makes it difficult for the Court to determine whether he has set forth plausible claims. *Iqbal*, 556 U.S. at 678. In some cases, the Court cannot determine how his allegations relate to each defendant. As a result, no defendant could be expected to meaningfully respond to plaintiff's filings without having to guess at his claims. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (plaintiff's repeated and collective use of word "defendants" created ambiguity as to each defendant's role in conduct giving rise to complaint such that the complaint could not be understood to state a plausible claim). For example, plaintiff does not identify the "staff" who he claims told other inmates about his conviction, or elaborate on how each defendant "sabotaged" his employment. He also does not say to whom he was forced to pay money—or whether these payments were actually connected with the conditions of his sentence—in order to avoid a parole violation. He does not indicate which employers were told of his indecent assault conviction, what type of work he was doing or had applied for, or whether current or prospective employers were told of the conviction as part of a background check. He does not state whether the "nude search" at Coleman Hall was upon intake or for some other security purpose, or provide further detail about the circumstances of that search. Accordingly, the complaint lacks sufficient detail and clarity to state a claim as pled.

To the extent that plaintiff is attempting to state claims based on transfers from one correctional facility to another, the information in the complaint is insufficient to support such claims. "The Supreme Court has consistently held that while a prisoner remains in institutional confinement, the Due Process Clause does not protect his interest in remaining in a particular

3

facility." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 411 (3d Cir. 1999) (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)); *see also Haley v. Kintock Grp.*, 587 F. App'x 1, 3 (3d Cir. 2014), *as amended* (Oct. 7, 2014) ("[T]he Due Process Clause does not protect an individual's interest in remaining at a particular form of institutional confinement, whether it be a prison or a halfway house.") (citing *Montanye*, 427 U.S. at 242). Furthermore, "an inmate's mere anticipation of freedom, when a privilege has been granted but not yet implemented, does not give rise to a constitutionally recognized liberty interest." *Powell v. Weiss*, 757 F.3d 338, 342 (3d Cir. 2014) (holding that plaintiff did not have a liberty interest in an anticipated transfer to a community correctional center). Accordingly, plaintiff also cannot state a claim based on his anticipated release on a home plan.

Finally, plaintiff has failed to state a claim against Michael Chitwood, the Upper Darby Chief of Police, who plaintiff presumably sued in connection with his allegations that police are tracking him. "To state a viable § 1983 claim against an individually named defendant, the plaintiff must set forth facts in his Complaint showing how each such individually named defendant was personally involved in the alleged deprivation of his constitutional rights." *Bright v. Westmoreland Cnty.*, 380 F.3d 729, 740 n.3 (3d Cir. 2004). Nothing in the complaint describes how Chitwood was responsible for violating plaintiff's rights, whether due to his own misconduct or his deliberate indifference to known deficiencies in a policy or procedure that violated plaintiff's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

For these reasons, plaintiff's complaint is dismissed. Plaintiff will be given leave to file an amended complaint in the event he can assert a clear basis for a plausible claim against an

appropriate defendant. If plaintiff wishes to file an amended complaint, he must provide the names of all defendants and describe in detail what his claims are, the facts giving rise to those claims, how he was harmed, and by whom.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to the plaintiff's right to file an amended complaint in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). A blank copy of a form complaint is included, which plaintiff may use to file his amended complaint. An appropriate order follows.